UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFF WALBURN, ET AL.,

    Plaintiffs,

vs.

LOCKHEED MARTIN CORP., ET AL.,

    Defendants.

Case No. 2:96-CV-722
District Judge Sargus
Magistrate Judge King

## OPINION AND ORDER

On July 15, 1997, the Court filed its Order (Doc. 29) granting Plaintiffs' motion to dismiss this case without prejudice.[1] The Court now has before it two motions filed by Plaintiffs August 11, 2009, more than 12 years thereafter: Document 31, Plaintiffs' motion "for an Order, pursuant to Rule 60(b), and Rule 60(d) of the Fed. R. of Civ. Pro. relieving them from the effects" of the July 15, 1997 order dismissing the case; and Document 30, Plaintiffs' motion for an order pursuant to Rule 42(a) consolidating this case with Case No. C2-09-288 presently open before this Court. Because the motion to consolidate is moot unless this closed case is reopened by vacating the order of dismissal, the Court will first consider Plaintiffs' motion under Rule 60(b) and (d).

Plaintiffs seek relief from their voluntary dismissal of this case, based upon

---

1. The case was originally filed July 23, 1996, involving injuries allegedly suffered by Plaintiff Jeff Walburn at his employment with Defendant on or about July 26, 1994. By the time of the dismissal, the case had proceeded through an order filed June 11, 1997, setting settlement conference for December 2, 1997, final pretrial for January 16, 1998, and trial for January 26, 1998.

their claim that it was procured by Defendant's failure to disclose five "key documents"[2] not produced by Defendant as required by one of Plaintiffs' discovery requests.[3] As pertinent to Plaintiffs' motion in this case, paragraphs (b), (c) and (d) of Rule 60, Fed. R. Civ. P., currently[4] provide:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> .... or
> (6) any other reason justifying relief from the operation of judgment.
>
> (c) Timing and Effect of the Motion.
> (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) not more than a year after the entry of the judgment or order or the date of the proceeding.
> (2) ....
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> (2) ...; or
> (3) set aside a judgment for fraud on the court.

---

2. *Viz.*: 1) an L. J. Sendek memo dated 12/17/80; 2) a B. E. Wilkinson letter dated 9/13/89; 3) a Paul Early draft letter with attached report, dated 4/5/90; 4) internal correspondence of a Mark Granus dated 12/08/92; and 5) a Ralph Donnelly letter dated 3/5/93. Doc. 31, pp. 2-3.

3. *Viz.*, No. 5) "Produce any and all notices, internal memorandums, written communications or other written materials that discuss the potential exposure to security personnel at the uranium gaseous diffusion plant near Piketon, Ohio to any of the materials used to shoot a cell." Id., p.2.

4. Amendments effective Dec. 1, 2007, made stylistic changes that do not affect the Rule's provisions as they may apply to this case.

2

In the memorandum in support of their present motion, Plaintiffs assert that Defendant's failure to provide discovery "justifies relief under Rule 60(b)(6)" because this failure "does not qualify under any of the five (5) other reasons listed in Rule 60(b)." Doc. 31, pp. 6-7. That statement is not supported by the facts as set out in Plaintiffs' motion or by the law of this circuit.

> Failure to disclose or produce material requested in discovery can constitute "misconduct" within the purview of 60(b)(3). *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir.1988).

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425, 428 (6th Cir. 1996).

The plain language of Rule 60(c) sets an absolute time limit of one year after the order in question for motions based any of the reasons listed in subparagraphs (1), (2), and (3) of Rule 60(b); and, as explained by our circuit, the non-time-limited, catch-all provision of 60(b)(6) ("any other reason justifying relief from the judgment") are not available where any of the reasons listed in those subparagraphs do apply.

> .... This argument, while frequently made by parties barred under the 60(b)(1),(2), or (3) time-limits, would in effect eliminate the limit and is invariably denied by this court. See, e.g., *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (holding Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586 (6th Cir. 2002) (same); *Jalapeno Property Management, LLC v. Dukas*, 265 F.3d 506, 509-10 (6th Cir. 2001) (same); *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (same).

Buell v. Anderson, 48 Fed. Appx. 491, 496-97, 2002 WL 31119679, *5 (6th Cir. 2002); see also Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 701-02 (2nd Cir.

3

1972) (An appellant cannot circumvent the one-year limitation of Rule 60(b)(3) by invoking the residual clause (6) of that rule.). This Court thus lacks authority under Rule 60(b) to grant the relief sought by Plaintiffs' motion. See Thompson v. Bell, 373 F.3d 688, 737 (6th Cir. 2004) (citing Ackermann v. United States, 340 U.S. 193, 197 (1950)).

Plaintiffs also invoke Rule 60(d) as authority for this Court to grant relief from the 1997 dismissal order, despite the lapse of time that bars such relief under Rule 60(b). They argue this is so based on their claim that Defendant's failure to turn over documents which should have been disclosed in response to one of Plaintiffs' discovery requests constituted "a fraud upon the Court by any measure." Doc. 31, p.7. Plaintiffs' are correct that "Rule 60(b) does not limit the power of a court to relieve a party from a judgment for fraud practiced upon the court." Wilkin v. Sunbeam Corp., 405 F.2d 165, 166 (10th Cir. 1968). (Indeed, that language was included in paragraph 60(b), itself, until the stylistic changes referred to in footnote 4, above, moved it to paragraph 60(d).) Further, this Court does appear to be the appropriate place to seek such relief. See Taft v. Donellan Jerome, Inc., 407 F.2d 807 (7th Cir. 1969). However, and assuming that the order of voluntary dismissal here qualifies as a "judgment" as used in the Rule 60(d)(3),[5] Plaintiffs are wrong in their assertion that the Defendant's failure to comply with discovery they described in this case constitutes a "fraud upon the court" as might justify the relief they seek.

---

5. See Schmier v. McDonald's LLC, 569 F.3d 1240, 1243 (10th Cir. 2009) (" We know of no reason to deny jurisdiction to a district court to consider granting a dismissing plaintiff relief under Rule 60(b)."

4

In Apotex Corp. v. Merck & Co., Inc., 507 F.3d 1357 (7th Cir. 2007), the court explains "fraud upon the court" as properly understood to justify granting relief from a final judgment or order outside the express time limits of Rule 60(b).

> Rule 60(b)(3) provides that a judgment can be set aside for fraud or misrepresentation only when the motion is made within a year after the judgment, unless there was "fraud upon the court" or other egregious act not previously uncovered.
>
> Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window; it requires rigorous proof, as do other challenges to final judgment, lest the finality established by Rule 60(b) be overwhelmed by continuing attacks on the judgment. *See Broyhill Furniture Indus. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085 (Fed.Cir.1993) ( "fraud upon the court should [ ] embrace only that species of fraud which does or attempts to subvert the integrity of the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication") (bracket in original, citations omitted). Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially. *Id.* at 1085-86. Such issues are not subject to a one-year limitation, but must be raised within a reasonable time of discovery of the fraud. Similarly, the Seventh Circuit has ruled that a district court's decision as to whether relief should be granted under rule 60(b) is committed to the sound discretion of the court. *See, e.g., Nelson v. City Colleges of Chicago*, 962 F.2d 754, 755 (7th Cir. 1992) ("we have noted many times that '[t]he district courts are given wide latitude in declining motions under Rule 60(b)' "); *Matter of Whitney-Forbes, Inc.*, 770 F.2d 692, 698 (7th Cir.1985) ("Fraud on the court involves a particular type of fraud which is directed to the judicial machinery itself, *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir.1983), and which involves circumstances where the impartial functions of the court have been directly corrupted.")

Id., at 1360-61.

The Seventh Circuit was discussing the earlier form of Rule 60(b) (see footnote 4, above) in which the timing requirements of new sub-paragraph 60(c)(1) and

5

the "fraud on the court" language now found in new sub-paragraph 60(d)(3) both appeared in the concluding part of former paragraph 60(b), itself.[6] In view of the Advisory Committee's Note respecting the 2007 Amendments, stating that "These changes are intended to be stylistic only," the Court understands that the Seventh Circuit's analysis applies as much to the present form of the rule as it did to its predecessor. Judged by those standards, there is no fraud upon the court or other egregious act apparent here as might otherwise warrant the relief Plaintiffs seek under either Rule 60(b) or (d).

For the foregoing reasons, it is therefore ORDERED that Plaintiffs' motion (Doc. 31) for an order relieving Plaintiffs from the effects of the Court's July 15, 1997 order dismissing this case is DENIED, whereupon it is further ORDERED that Plaintiffs' motion (Doc. 30) to consolidate this case with Case No. C2-09-288 in this Court is also DENIED as moot.

IT IS SO ORDERED.

1-12-2010
Dated

Edmund A. Sargus, Jr.
United States District Judge

---

5. See Apotex at 1360.

6